# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| RICKY MANSFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:15CV262-PPS/SLC |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before me on Plaintiff's counsel's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b), which seeks an award of attorney's fees in the amount of $2,942.50, a percentage of the past-due Social Security Disability Insurance Benefits awarded by the Commissioner of Social Security to Plaintiff. For the reasons explained in detail below, I find the request reasonable and the motion is **GRANTED**.

## Background

After being denied Disability Insurance benefits under the provisions of the Social Security Act, Plaintiff appealed his case to this Court on September 14, 2015. [DE 1.] Plaintiff was represented by Attorneys Joseph Sellers and Deborah Spector for purposes of proceedings in this Court. On December 1, 2016, I entered an opinion and

order reversing the Commissioner's decision and remanding for further proceedings. [DE 20.] On March 20, 2017, I ordered payment of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $4,700.00 to Plaintiff's attorney. [DE 23.]

On remand from this Court, the Commissioner issued a partially favorable decision allowing Plaintiff's claim. [DE 26-1.] Plaintiff, who was represented by a different attorney for the administrative proceedings, then received a Notice of Award ("NOA") from the Commissioner finding that the Plaintiff was due $54,470.00 in total past-due benefits. [DE 26-2 at 5.] Twenty-five percent of the award, or $13,642.50, has been withheld for the payment of attorney's fees. A fee of $6,000 will be paid to the attorney who represented Plaintiff before the Commissioner on remand, pursuant to a fee agreement. [DE 26-2 at 5.] This leaves $7,642.50 for the remainder of the attorney's fees.

Plaintiff and Attorneys Seller and Spector entered into a fee agreement in which they agreed upon a fee of 25% of past-due benefits recovered would be paid to the attorneys for legal services in the District Court. [DE 26-3.] They now request approval of a fee in the amount of $2,942.50, which represents the rest of the amount available for legal fees minus the already received $4,700 in EAJA fees. The Commissioner does not oppose their motion.

2

**Discussion**

Section 206(b) of the Social Security Act provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 206(b) is intended to control, but not displace, contingent fee arrangements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The district court is to review the amount set by the fee agreement for reasonableness based on "the character of the representation and the results the representative achieved." *Id.* at 807. The Supreme Court described three situations in which courts have appropriately reduced fees as unreasonable: (1) the representation is substandard, (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, and (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

Here, Plaintiff entered into a 25% contingency fee agreement with his attorneys. [DE 26-3.] Plaintiff was awarded past due benefits in the amount of $54,570.00. Twenty-five percent of the award totals $13,642.50, of which $6,000.00 will be paid to Plaintiff's attorney for the administrative proceedings. Attorneys Seller and Spector now seek $2,942.50 (which is the rest of the money available for attorney's fees minus

the EAJA funds the attorneys have already received). This amount is reasonable. Attorneys Sellers and Spector's representation was not substandard. On the contrary, counsel secured a remand and reversal of the original administrative decision resulting in the Plaintiff receiving a favorable decision and an award of retroactive benefits.

In addition, counsel worked on contingent fee basis, so the risk that he won't recover for his client, and thus won't be paid at all, has to be priced in to the computation of a reasonable fee. *See Bastic v. Bowen*, 691 F. Supp. 1176, 1177 (N.D. Ill. 1988) ("[A] universe in which lawyers go wholly unpaid in cases they lose, but are paid for the cases they win at rates that fail to reflect the risk of loss, is a distorted universe."). The risk of no recovery is high in a Social Security case. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). In this context, then, an award of $2,942.50 (or $7,642.50 including EAJA fees) is not unreasonable. And awards of larger size have been approved in this district. *See, e.g. Soptich v. Colvin*, No. 3:15-CV-109, 2017 WL 711021, at *2 (N.D. Ind. 2017) (approving award of $18,646); *Denune v. Colvin*, No. 1:11-CV-64, 2014 WL 3899308, at *4 (N.D. Ind. 2014) (approving award of $24,830); *Sparrow v. Astrue*, No. 3:07-CV-506-TLS, 2010 WL 2195276, at *1 (N.D. Ind. 2010) (approving award of $17,322.10). Plaintiff's counsel achieved the result his client sought in filing the suit and should be properly compensated for his work. The Defendant Commissioner of Social Security does not object to this fee request. [DE 26.]

Attorneys Sellers and Spector have already has received $4,700.00 in EAJA fees. While fee awards may be made under both Section 206 and the EAJA, the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. However, they already accounted for this and have adjusted their request for attorney's fees accordingly. Therefore, they are not required to refund the EAJA fees already received.

## Conclusion

Plaintiff's counsel's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), DE 26, is **GRANTED**. The Court **GRANTS** Counsel's petition for Section 206(b) fees in the amount of $2,942.50. The Court **ORDERS** that payment by the Commissioner in the amount of $2,942.50 be paid directly to Joseph Sellers and Deborah Spector in accordance with the agreement signed by Plaintiff.

**SO ORDERED.**

**ENTERED: April 18, 2018.**

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT